COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Bumgardner
Argued by teleconference


ARMSTRONG FURNITURE DIVISION/
 THOMASVILLE FURNITURE INDUSTRIES AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                 MEMORANDUM OPINION* BY
v.    Record No. 1809-97-3     JUDGE RUDOLPH BUMGARDNER, III
                                      MAY 5, 1998
CHARLES RALPH MAXWELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Roger L. Williams (Vasiliki Moudilos;
            Williams & Lynch, on brief), for appellants.

            Craig P. Tiller (Davidson, Sakolosky &
            Moseley, P.C., on brief), for appellee.


     Armstrong Furniture Division appeals a decision of the

Workers' Compensation Commission that found that Charles R.

Maxwell had sustained an injury by accident.  Finding that there

is credible evidence to support the decision of the commission,

we affirm.

     Charles Maxwell worked as a bander, or machinist.  His

duties included pushing lumber into a feeder, which was to be

made into dresser tops for hotel furniture.  On May 21, 1996, he

was pushing stacks of these parts which weighed from 290 to 300

pounds into the feeder.  While doing this, he felt a sting in his

groin.  He was diagnosed with a hernia which was repaired

surgically.

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The employer complains that Maxwell did not mention the sting when he first reported pain to the employer's nurse. Employer further notes that he never could point to any specific cause of his pain and could only attribute it to having done a lot of lifting. The deputy commissioner found that the evidence did not relate the injury to a specific episode and denied benefits. The full commission reversed and found that the evidence was a result of an identifiable accident.

A finding by the commission that an injury arose out of, and in the course of employment, is a mixed question of law and fact, and is properly reviewable on appeal. Findings of fact made by the commission will be upheld when supported by credible evidence. See Franklin Mortgage Corp. v. Walker, 6 Va. App. 108, 110, 367 S.E.2d 191, 192 (1988) (en banc).

It is true that the claimant did not identify the stinging pain at first. However, he did testify at his hearing to that sequence of events. The deputy commissioner found that the medical evidence did not prove that the stinging sensation was the onset of the hernia. Because the deputy commissioner's finding was not a specific credibility determination based on demeanor or appearance of a particular witness, the full commission may determine credibility when it is based on the substantive testimony of a witness and not the demeanor. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987), aff'd, 9 Va. App. 120, 384 S.E.2d 333 (1989).

> If the deputy commissioner's finding of credibility is based, in whole or in part, upon the claimant's appearance and demeanor at the hearing, the commission may have difficulty reversing that finding without recalling the witness. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987). A specific recorded observation of a key witness's demeanor or appearance in relation to credibility is an aspect of the hearing that the commission may not arbitrarily disregard. <u>Id.</u> However, if the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy.

<u>Kroger Co. v. Morris</u>, 14 Va. App. 233, 236, 415 S.E.2d 879, 880–81 (1992).

Credible evidence supports the commission's finding. Accordingly, the decision is affirmed.

<u>Affirmed.</u>